UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

DANIA ANDRADE-ROSALES,                                        Petitioner,

v.                                                 Civil Action No. 4:26-cv-102-RGJ

SAMUEL OLSON, et al.,

                                                             Respondents.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Dania Andrade-Rosales's Writ of Habeas

Corpus. [DE 1]. Respondents responded on March 2, 2026. [DE 8]. Petitioner replied on March 3,

2026. [DE 12]. The parties agreed no evidentiary hearing was necessary. [DE 9; DE 11]. This

matter is ripe for adjudication. For the reasons below, the Court **DENIES** the Petition for a Writ

of Habeas Corpus. [DE 1].

**I.      Background**

Petitioner Dania Andrade-Rosales ("Andrade-Rosales") is a 21-year-old native and citizen

of Honduras. [DE 8-2 at 28]. Andrade-Rosales has been present in the United States since 2019.

[*Id.*]. Andrade-Rosales entered the United States without admission or parole. [DE 8 at 18].

Although entering without admission or parole, Andrade-Rosales was apprehended by

immigration officials shortly thereafter near Laredo, Texas. [*Id.*]. She was then released into the

interior of the United States on an Order of Recognizance and ordered to report for hearings and

check-ins as necessary. [*Id.*]. Since her release, Andrade-Rosales has been primarily residing in

Indiana. [*Id.*].

After her original entry into the United States in 2019, ICE issued an I-200 Warrant for

Arrest to Andrade-Rosales. [DE 8-4 at 34].  ICE also issued a Notice to Appear Form I-862 around

the same time. [DE 8 at 18]. In September of 2019, ICE issued a second Notice to Appear. [DE 8-

1 at 25]. The second[1] Notice to Appear marked Andrade-Rosales as an "alien present in the United States who has not been admitted or paroled" not as an "arriving alien." [*Id.*]. Additionally, Andrade-Rosales has pending applications for asylum and withholding of removal. [DE 1 at 2].

Andrade-Rosales has been in detention since January 2, 2026. [DE 8 at 18-19]. On December 25, 2025, Indianapolis police officers heard gunshots "coming from a yard and gave verbal commands to the group to stop moving." [*Id.*]. Andrade-Rosales "refused to comply" and the officer "took her by the hand." [*Id.*]. Then, Andrade-Rosales "struck the officer in the chest with her right hand." [*Id.*]. Andrade-Rosales was arrested and charged with "Battery Against a Public Safety Official." [*Id.*]. Andrade-Rosales then posted bond for the charge. [*Id.*]. However, after posting bond, the local jail turned Andrade-Rosales "over to [Immigration and Customs Enforcement ("ICE")] pursuant to a detainer on January 2, 2026." [*Id.*]. The state charge is still pending. [*Id.*]. Andrade-Rosales is currently in removal proceedings pursuant to 8 U.S.C. § 1229a. [*Id.*].

ICE contends that based on interim guidance from DHS, issued July 8, 2025, titled "Interim Guidance Regarding Detention Authority for Applicants for Admission," only those noncitizens who have already been admitted into the United States are eligible to be released during removal proceedings and all other noncitizens are subject to mandatory detention, under 8 U.S.C. § 1225 ("Section 1225"), not 8 U.S.C. § 1226 ("Section 1226"). [DE 8-5 at 61]. This is a reversal of longstanding policy. [*Id.*]. Respondents also state that the newly enacted Laken Riley Act mandates detention for Andrade-Rosales. [DE 8 at 17 (citing 8 U.S.C. § 1226(c)(1)(E))].

Andrade-Rosales asserts that the United States is illegally detaining her in violation of the Fourth Amendment. [DE 1 at 6]. Petitioner states that the detention does not meet the "lofty

---

[1] Respondents do not attach the first I-862 Notice to Appear.

2

requirements of the Fifth Amendment." [DE 12 at 108]. Thus, Andrade-Rosales seeks release from her detention. [*Id.*].

In response, the United States makes two arguments. First, that Andrade-Rosales is properly detained pursuant to Section 1226(c) of the Laken Riley because she was "arrested for, or charged with, assault of a law enforcement officer." [DE 8 at 21]. And pursuant to Section 1226(c)(1)(E)(2), "detention is mandatory" with no relief available because Section 1226(c) detention does not violate due process. [*Id.*]. In the alternative, if Section 1226(c) does not apply, the United States "rel[ies] on and incorporate[s] by reference the legal arguments from the briefs the government filed with the Sixth Circuit Court of Appeals in the four §§ 1225-1226 appeals." [DE 8 at 21 n.3]. Those cases are *Lopez-Campos v. Raycraft*, Case No. 25-1965 (6th Cir. Oct. 27, 2025); *Alvarez v. Noem,* Case No. 25-1969 (6th Cir. Oct. 27, 2025); *Contreras-Cervantes v. Raycraft*, Case No. 25-1978 (6th Cir. Oct. 28, 2025); *Pizarro Reyes v. Raycraft*, Case No. 25-1982 (6th Cir. Oct. 29, 2025). And thus, if detention is not proper under Section 1226(c), Andrade-Rosales is properly detained under Section 1225(b)(2) as an applicant for admission. [*Id.*].

## II.    DISCUSSION[2]

### A.  Immigration and Nationality Act

While the relevant facts are undisputed by the parties, the United States argues that either Section 1225 or Section 1226(c) applies to Andrade-Rosales's detention. [DE 8 at 21]. And under either provision detention of Andrade-Rosales is mandatory. [*Id.*].

---

[2] Neither party asserted any jurisdiction-related arguments. However, the Court has analyzed jurisdiction of remedies in similar circumstances, such as *Edahi v. Lewis*, 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025) and incorporates its reasoning into this opinion. Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi,* 2025 WL 3466682, at *3, and the Court waives the exhaustion requirement for the same reasons.

As it applies to Section 1225, the United States acknowledges that the Court has previously ruled on the substantive question regarding Section 1225. [DE 8 at 21 n.3]. As the Court has held previously, the Court incorporates by reference its reasoning in *Edahi*, 2025 WL 3466682, at *5-*13 and *Vicen v. Lewis,* 2026 WL 541171, *2–*9 (W.D. Ky. Feb. 26, 2026), holding that Section 1226 applies to the Petitioner based on the facts set forth above. Therefore, for the reasons above and incorporated, Andrade-Rosales, who has been present in the United States for approximately seven years, is not "seeking admission" into the United States, a fact acknowledged in her Notice for Appearance by not marking her as an "arriving alien," as well as her arrest pursuant to the I-200 Warrant which authority arises out of Section 1226. Section 1226, not Section 1225(b)(2), applies to her detention.

Section 1226(c), however, applies to Andrade-Rosales's detention. Recently, Congress amended the INA through the Laken Riley Act. Now, Section 1226(c) requires the "detention of noncitizens who are inadmissible under certain statutory provisions, including 8 U.S.C. § 1182(a)(7), and who have been charged with, arrested for, or convicted of certain enumerated offenses, including theft." *Cadenas v. U.S. Dep't of Homeland Sec.,* No. 26-cv-96-DJH slip op. at 4 (Mar. 11, 2026) (citing Section 1226(c)(1)(E)(i)-(ii)). As agreed by both parties, Section 1226(c) applies to Andrade-Rosales because Andrade-Rosales is inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i) and was charged with the assault of a law enforcement officer. [DE 8-1 at 27; DE 8-3 at 32-33 (describing arrest)]. Therefore, Section 1226(c), not Section 1225, applies to Andrade-Rosales's detention.

### B.  Lawfulness of Current Detention

As stated, Andrade-Rosales is detained under Section 1226(c). Andrade-Rosales claims that it "cannot be" that if a petitioner is detained under the Laken Riley the petitioner "forfeits all [] rights to bond or any chance of release." [DE 12 at 108]. And further that the Laken Riley Act

4

cannot "trump the rights" of Due Process. [DE 12 at 109]. However, Petitioner does concede that she can be detained "in certain immigration cases." [*Id.*]. The United States contends that "[n]either application of [Section 1226] nor [Section 1225] violates Petitioner's procedural [] due process rights." [DE 8 at 21-22].

When a petitioner is detained under 1226(c), a "procedural protection available" is the noncitizen's "ability to contest that he committed the crime that renders him subject to mandatory detention" commonly called a "*Joseph*" hearing. *Id.* (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)). "Under *Joseph*, such detainees are entitled to a hearing before an Immigration Judge . . . to determine 'whether the [Government] has properly included [them] within a category that is subject to mandatory detention' under § 1226(c)." *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 328 (3d Cir. 2021) (alterations in original) (quoting *Matter of Joseph*, 22 I&N Dec. at 805) (citing 8 C.F.R. § 1003.19(h)(2)(i)(D), (h)(2)(ii)). If an individual is found not be "properly included" within 1226(c), they may request to be released on bond under 1226(a). *See id.* Here, neither party has stated whether Andrade-Rosales received or requested a *Joseph* hearing. A detained petitioner does not automatically receive a *Joseph* hearing as a matter of course, but a Petitioner must receive a hearing after a proper request.[3] *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.3d 297, 302 (3d Cir. 2016) (stating that petitioners have a "right to *seek* a *Joseph* hearing") (emphasis added); *Singh v. Warden Cal. City Det. Facility,* 2026 WL 457119, *5 (E.D. Cal. Feb. 18, 2026) (stating that the petitioner "may request a [*Joseph*] hearing before an immigration judge").

---

[3] If Petitioner wishes to contest that she "committed the crime" that renders her "subject to mandatory detention" she may do so in her immigration proceedings. *In re Joseph,* 22 I &N Dec. at 805. "Anyone who believes that he is not covered by § 1226(c) may also ask for what is known as a '*Joseph* hearing.'" *Jennings v. Rodriguez,* 583 U.S. 281, 289 n.1 (2018) (quoting *Matter of Joseph,* 22 I & N. Dec. 799). Here, however, the Court may solely review the Petition for an unlawful detention. 28 U.S. Code §§ 2241(c)(3). The Petitioner bears this burden. *Caver v. Straub,* 349 F.3d 340, 351 (6th Cir. 2003) (quoting *Romine v. Head,* 253 F.3d 1349, 1357 (11th Cir. 2001).

Here, Petitioner only contends that her due process is being violated due to the length of her detention pursuant to *Zadvydas v. Davis,* 533 U.S. 678 (2001) and thus demands release. [DE 12 at 108]. Petitioner does not contend she has been denied any other form of due process. In *Zadvydas*, the Supreme Cour held that the United States has a "presumptively reasonable period of detention" that may last up to six months while attempting to remove a non-citizen. *Zadvydas*, 533 U.S. at 701. Then after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and requests release, "the Government must respond with evidence sufficient to rebut that showing." *Id.* Here, however, *Zadvydas* is inapplicable. Andrade-Rosales has not crossed the six-month threshold and thus detention as a matter of course is still "reasonable." [DE 12 at 109]; *Zadvydas*, 533 U.S. at 701.

Mandatory detention has long been permitted in certain circumstances. *Demore v. Kim,* 538 U.S. 510, 521 (2003). And under Section 1226(c)(1), mandatory "detention is [] expressly authorized by Congress." *Haryana-Sandhir v. Warden Golden State Annex,* 2026 WL 221372, *2 (E.D. Cal. Jan. 28, 2026). When a petitioner's only federal claim is that the mandatory detention provision of 1226(c)(1) violates their Constitutional Right to Due Process, that claim must be denied until a potential *Zadvydas* claim ripens. *Haryana-Sandhir v. Warden Golden State Annex,* 2026 WL 1079374, *2 (E.D. Cal. Apr. 21, 2026) (stating that because petitioner's detention has "crossed the six-month threshold" the petitioner may *now* "bring an as-applied challenge to his ongoing, prolonged detention"); *see also Ramirez-Rivas v. Warden,* 2026 WL 1010030, *2 (S.D. Cal. Apr. 14, 2026) (holding that a petitioner is properly detained under 1226(c)(1) but may bring a *Zadvydas* claim at the proper time). Once a *Zadvydas* claim ripens, if properly pleaded, the Court may review a petition for a *Zadvydas* violation as described above.

Here, Andrade-Rosales has only been detained for five months. Thus, her detention as it currently stands does not implicate *Zadvydas*, and her current detention is "presumptively

reasonable." *Zadvydas*, 533 at 701. And like the petitioner in *Singh*, according to the current record, Andrade-Rosales has neither "requested" a *Joseph* hearing, nor has "such a request has been denied by respondents." *Singh,* 2026 WL 457119, *5. In "light of this[,]" Andrade-Rosales has failed to show that "respondents have deprived [her] of due process of law to which [s]he is entitled." *Id.*

Andrade-Rosales may seek a *Joseph* hearing in her immigration proceedings if she chooses to do so. But for now, her detention pursuant to 1226(c)(1) is permissible and even "expressly authorized by Congress." *Haryana-Sandhir*, 2026 WL 221372, *2.

Andrade-Rosales has not demonstrated her detention is "unlawful." *Caver*, 349 F.3d at 351. Thus, the United States has "put forth a valid basis" for mandating the detention of Andrade-Rosales pursuant to Section 1226(c)(1) and her petition must be **DENIED**. *Carlos E.V. v. Bondi,* 2026 WL 765357, *3 (D. Minn. Mar. 18, 2026).

### VI.    Conclusion

For the reasons stated above, the Court **DENIES** Andrade-Rosales's Petition for Habeas Corpus.

Rebecca Grady Jennings, District Judge
United States District Court

May 18, 2026

7